Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50230 | **DATE** | 5/30/2002 |
| **CASE TITLE** | MOLINA vs. COOPER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiffs' objections to defendant's Bill of Costs are granted. The court enters the revised amount of $1,933.37 for defendant's Bill of Costs, which is hereby included in the judgment pursuant to Rule 54.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | MAY 30 2002 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | 5-30-02 date mailed notice |
| | Copy to judge/magistrate judge. | | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

On March 18, 2002, this court entered a Memorandum Opinion and Order granting defendants' motion for summary judgment and dismissing this case in its entirety. Defendants subsequently filed their Bill of Costs in the amount of $2,073.17 pursuant to Federal Rule of Civil Procedure 54(d)(1), which this court entered on April 26, 2002. Plaintiffs have filed a timely objection to the Bill of Costs.

Plaintiffs object to five of the items requested by defendants, which can be categorized into three groups. The statutory basis for the award of costs is 28 U.S.C § 1920. Initially, plaintiffs object to the minuscript cost from the deposition of Gary Cooper. Section 1920(2) has been interpreted as allowing costs for depositions. See Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir. 1985). However, the deposition cost must be reasonable and necessary to the litigation, and "not merely for the convenience of the attorney." Id. at 1243. Upon review of defendants' Bill of Costs, the court finds that the two Cooper minuscripts are not reasonable and necessary as defendants already possessed the original deposition. See Cengr v. Fusibond Piping Sys. Inc., 135 F.3d 445, 456 (7th Cir. 1998). Moreover, this is consistent with other cases in this district that hold minuscripts are not recoverable because they are for the convenience of the attorney. Smith v. Teamsters Local 705, No. 96 C 1370, 1998 U.S. Dist. LEXIS 19595, at *10 (N.D. Ill. Dec. 11, 1998); Vogl v. Arrow Pattern & Foundry Co., No. 93 C 3846, 1994 WL 380598, at *2 (N.D. Ill. July 18, 1994). Therefore the $50 in minuscript costs is not taxable to plaintiffs.

Second, plaintiffs object to courier service and postage. It is well settled that costs for postage are not recoverable under § 1920. Wahl v. Carrier Mfg. Co. Inc., 511 F.2d 209, 216-17 (7th Cir. 1975). Thus, the cost for postage amounting to $29.80 is not taxable to plaintiffs. On the other hand, the Seventh Circuit has allowed recovery for the costs associated with "delivery charges by the court reporter," i.e., courier service, subject to the district court's discretion. See Finchum v. Ford Motor Co., 57 F.3d 526, 534 (7th Cir. 1995). See also Teamsters Local 705, 1998 U.S. Dist. LEXIS at *9. Defendants' Bill of Costs, however, indicates an original delivery cost from the reporter, then a subsequent courier service cost with no indication as to why the second cost was necessary. Because defendants have not provided any explanation as to why either courier service was necessary, the court finds the cost of $10 for courier service is not recoverable.

Lastly, plaintiffs object to the condensed and keyword index costs because they are not part of the transcript necessarily obtained. Upon review of defendants' Bill of Costs, the court finds that the condensed and keyword indices are not reasonable and necessary to a deposition transcript. Rather, the indices are purely for the convenience of attorneys who seek a quick means of researching specific topics within the deposition transcript. Defendants cannot recover the cost of the indices, which is $50.

Plaintiffs' objections to defendants' Bill of Costs are granted and the Bill of Costs is reduced by $139.80. Defendants' Bill of Costs is awarded in the amount of $1933.37.